```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SUNOCO, INC. (R&M),

                    Plaintiff,

        -against-                            MEMORANDUM & ORDER
                                             11-CV-2319(JS)(GRB)
175-33 HORACE HARDING REALTY CORP.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Henry Reichner, Esq.
                   Michael C. Falk, Esq.
                   Reed Smith LLP
                   Three Logan Square
                   1717 Arch St., Suite 3100
                   Philadelphia, PA 19103

                   Othiamba Nkosi Lovelace, Esq.
                   Rachel Anna Postman, Esq.
                   Sarah Levitan, Esq.
                   Reed Smith LLP
                   599 Lexington Avenue
                   New York, NY 10022

For Defendant:     Robert Neuner, Esq.
                   Kenneth L. Robinson, Esq.
                   Robinson & Associates, P.C.
                   35 Roosevelt Avenue
                   Syosset, NY 11791
```

SEYBERT, District Judge:

Pending before the Court is plaintiff Sunoco, Inc.'s ("Plaintiff") motion for damages, proposing a formula for the calculation of contract damages incurred in this case (the "Damages Motion," Docket Entry 82) and Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiff's motion, (Docket Entry 88). Defendant 175-33

Horace Harding Realty Corp. ("Defendant") has filed Objections to Judge Brown's R&R. (Docket Entry 89.) For the reasons that follow, the Court overrules Defendant's Objections and adopts Judge Brown's R&R in its entirety.

BACKGROUND

The Court assumes familiarity with the facts of this case, which are detailed in the Court's prior orders.[1] Briefly, Plaintiff commenced this action on May 12, 2011, seeking damages for breach of contract and violations of the New York Navigation Law in connection with necessary environmental remediation. (Compl. ¶¶ 22-27, 31-35.) Following a bench trial, the Court found in Plaintiff's favor on both its breach of contract and New York Navigation Law claims. (May 27, 2015 Order (the "May 27 Order"), Docket Entry 78, at 25.) However, in light of the election of remedies doctrine, the Court allowed Plaintiff to choose the theory under which it wished to recover damages--Plaintiff could either recover (1) $751,188.65 in damages for breach of contract, "together with ninety-five present of costs incurred since then," plus prejudgment interest, or (2) $672,139.04 in damages under the New York Navigation Law, plus reasonable attorney fees. (May 27 Order at 25.)

---

[1] For a summary of the facts of this case, see generally the Memorandum, Decision, and Order After Bench Trial. (Docket Entry 78.)

In its Damages Motion, Plaintiff elected to recover damages under its breach of contract theory and submitted a proposed calculation of its damages. (Damages Mot. at 1-2.) Plaintiff also submitted invoices as proof of the post-trial remediation expenditures it incurred. (See Damages motion, Ex. A.) In opposition, Defendant submitted a Declaration ("the July 14 Declaration") asserting three principal arguments: (1) that prejudgment interest should have been calculated from the date Plaintiff actually paid its remediation invoices, rather than the date the invoices were issued; (2) that Plaintiff's formula should have taken into account federal and state tax savings Plaintiff received or will receive as a result of the litigation; and (3) that the invoices Sunoco provided, which list Evergreen Resource Group, LLC ("Evergreen") as the client, cannot serve as evidence of post-trial remediation expenditures. (July 14 Decl., Docket Entry 83, ¶¶ 3-5, 7.) In response, Plaintiff submitted an alternative damages calculation with prejudgment interest calculated from the date Plaintiff paid its remediation invoices. (Docket Entry 85.)

On August 4, 2015, the undersigned referred Plaintiff's motions to Judge Brown for an R&R, (Docket Entry 87), and Judge Brown issued his R&R on December 23, 2015 (Docket Entry 88). The R&R recommends that the Court enter Judgment consistent with Plaintiff's calculation in its original Damages Motion. (R&R at

3

7-8.) Contrary to Defendant's contention that prejudgment interest should have been calculated from the date Plaintiff actually paid its remediation invoices, Judge Brown found that N.Y. C.P.L.R. 5001(b) instead required that when "damages [are] incurred at various times, [prejudgment] interest shall be computed upon each item from the date it was incurred." (R&R at 5 (quoting N.Y. C.P.L.R. 5001(b)). Addressing Defendant's second argument regarding tax savings, Judge Brown found that "[t]he plain language of the statute does not support the notion that reductions should be applied for taxes," and even if it did, "no mechanism [exists] for calculating these proposed reductions, which would be extraordinarily difficult to ascertain with any reasonable degree of certainty." (R&R at 5-6.) Finally, Judge Brown ruled that Defendant's contention regarding Defendant's obligation to pay invoices listing "Evergreen" as the payor were meritless because Plaintiff provided "a sworn declaration explaining the relationship between . . . [P]laintiff and Evergreen." (R&R at 7.)

Defendant filed Objections to Judge Brown's R&R which largely reiterate the same arguments Defendant made in opposition to Plaintiff's Damages Motion. (Objections, Docket Entry 89.) Defendant argues in its Objections that: (1) interest should be calculated from the date remediation invoices were paid, rather than the date they become due; (2) the prejudgment interest award

4

should be reduced to the extent Plaintiff will receive a tax benefit; and (3) invoices issued to Evergreen should not be considered. (Objections at 1-2.) Defendant further requests "limited discovery" on the latter two issues. (Objections at 2.)

DISCUSSION

The Court will first address the standard of review before turning to Defendant's objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).

Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

## II. Defendant's Objections

It is apparent that Defendant's Objections merely rehash the same arguments Defendant made in opposition to Plaintiff's initial Damages Motion. When a party "simply reiterates his original arguments" in its Objections, the Court need only review the Magistrate Judge's Report and Recommendation for clear error. Pall Corp., 249 F.R.D. at 51. Since Judge Brown already ruled on all of the arguments raised in Plaintiff's Objections, the Court need not discuss them further. The only novel point Plaintiff

6

raises, is its request to conduct limited discovery regarding the tax benefits Plaintiff may receive and the relationship between Plaintiff and Evergreen. However, the Court finds that allowing additional discovery to take place at this late date would not be productive. See Everson v. N.Y. City Transit Auth., No. 02-CV-1121, 2007 WL 539159, at *2 n.1 (E.D.N.Y. Feb. 16, 2007) ("Proceedings before the magistrate judge are not a trial run, after which litigants should feel free to add 'to the record in bits and pieces depending upon the rulings or recommendation they receive[ ]" (quoting Flynn v. Mark Contracting Corp., No. 01-CV-8227, 2004 WL 1859789, at *1 (E.D.N.Y. Jul. 23, 2004)). Having reviewed Judge Brown's R&R, the Court finds it to be well-reasoned and free from clear error. Therefore, Judge Brown's R&R is adopted in its entirety.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Judge Brown's R&R (Docket Entry 88) is ADOPTED in its entirety and Plaintiff's Damages Motion (Docket Entry 82) is GRANTED. The Clerk of the Court is therefore directed to enter judgment in favor of Plaintiff and against Defendant according to the calculations within Plaintiff's Motion for Damages (Docket Entry 82). Further, the Clerk of the Court is directed to TERMINATE Plaintiff's alternative damages motion (Docket Entry 85).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  22 , 2016
       Central Islip, New York